IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RODOLFO A. QUILES,

    Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,
INCORPORATED, RODNEY N. DOERR,
EDWARD ADELMAN, TRACY SCOTT, and
KATHLEEN HUGHES, individually;

    Defendants.

8:16CV330

ORDER

   This matter is before the Court on Plaintiff's Motion for Fees, Costs, and a Jury Instruction Associated with Disproving Defendants' Responses to Requests for Admissions. (Filing No. 57.) Upon consideration, the motion will be denied.

## BACKGROUND

   Plaintiff filed this action on July 7, 2016, alleging that Defendant Union Pacific Railroad Company, Inc. ("Union Pacific") terminated his employment in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*. (Filing No. 1.)

   On July 29, 2016, Defendants filed a motion to stay and compel arbitration (Filing No. 12), asserting that Plaintiff agreed to arbitrate any claims arising out of his employment relationship with Union Pacific when he entered into a stock agreement which included an arbitration provision. (Filing No. 13.) Plaintiff disputed that he entered into any agreement by virtue of his acceptance of a bonus award of stock.

   On October 11, 2016, the Court denied Defendants' motion to stay without prejudice to reassertion following "limited discovery regarding the existence of the [stock] agreement by means of the plaintiff's deposition and production of certain electronically stored information

associated with whether the plaintiff received and accepted the stock incentive agreement when he received notice of the stock award and created an [E-trade] account." (Filing No. 23.) The Court ordered that the discovery be completed within sixty days. (*Id*.)

Thereafter, Plaintiff served requests for admission upon Defendants. (Filing No. 24.) On November 22, 2016, Defendants respond to the discovery, denying requests for admission Nos. 7, 9 and 11. (Filing No. 41-1.) These requests asked Defendants to admit: (1) "Defendants do not have evidence showing [Plaintiff] reviewed the terms of an arbitration agreement;" (2) "Defendants do not have record/s of communication with [Plaintiff] regarding an arbitration agreement;" and (3) "Defendants do not know of a person who has personal knowledge that [Plaintiff] was given (or presented with) the terms of the arbitration agreement with Defendants." (*Id*.)

On January 30, 2017, Plaintiff filed a motion for partial summary judgment, requesting that the Court dismiss all of Defendants' claims regarding the existence of an arbitration agreement. (Filing No. 38.) The following day, Defendants filed a second motion to stay and compel arbitration (Filing No. 43), in which they admitted that they did not have a signed stock agreement or evidence that Plaintiff read or even accessed the stock agreement. (Filing No. 44 at CM/ECF at pp. 2-5.) Instead, Defendants argued that, if Plaintiff maintained his claim that he was entitled to the value of the stock, the "direct benefit estoppel" doctrine prohibited Plaintiff from denying he was subject to the arbitration clause contained in the stock agreement. (*Id.* at CM/ECF at p. 2.)

On April 28, 2017, the Court granted Plaintiff's motion for partial summary judgment and denied Defendants' motion to compel arbitration and stay. (Filing No. 53.) The Court found that there was no valid, binding agreement to arbitrate as a matter of law, and that there was no evidence that Plaintiff agreed to arbitrate.

## DISCUSSION

Plaintiff seeks sanctions against Defendants pursuant to Federal Rules of Civil Procedure 26, 36(a), and 37(c) for alleged discovery abuses. (Filing No. 57.) Plaintiff asserts that he has proved that an arbitration agreement between the parties never existed and that the absence of such agreement "should have been resolved nearly seven months ago by truthful responses in discovery and representations of counsel." (Filing No. 58.) Plaintiff argues that Defendants provided untruthful responses to Plaintiff's Requests for Admissions Nos. 7, 9, and 11, which necessitated unnecessary discovery and motion practice. Plaintiff maintains that he is entitled to (1) costs associated with disproving Defendants' responses to the Requests for Admissions; (2) reasonable attorney fees associated with the instant motion and the disproving of Defendants' responses to the Requests for Admissions; and (3) a "negative inference jury instruction" at the time of trial.

Federal Rule of Civil Procedure 26 states that parties responding to discovery must certify that their responses are "warranted by existing law or by a nonfrivolous argument" and "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26. If a certification violates this Rule without "substantial justification," the Court "must impose an appropriate sanction," which may include an order to pay reasonable expenses, including attorney's fees, caused by the violation. *Id*.

Similarly, Federal Rule of Civil Procedure 37(c)(2) provides:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

(D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

Defendants assert that they truthfully and in good faith responded to the Requests for Admissions based upon the information available to them at the time. Defendants argue that when they responded to the Requests, they had information that showed that Plaintiff could have accessed the stock agreement online. Specifically, this information included electronic communications which directed Plaintiff to his stock award. One of the communications instructed Plaintiff to click on a hyperlink in order to accept his stock award. (Filing No. 44-2, Ex. A1.) The hyperlink took the user to the E-Trade website where employees could access the stock agreement. E-Trade also sent an email to Plaintiff providing him with a link to his account and the stock agreement. (Filing No. 18-2.) Additionally, Defendants contend that they directed Plaintiff to the documents supporting their denial of request for admission No. 7. Defendants further point out that, in response to other requests for admissions propounded by Plaintiff, they admitted that (1) they did not have a signed arbitration agreement; (2) were not aware of a person who explained the terms of an arbitration agreement to Plaintiff; and (3) they were unaware of any person with personal knowledge that Plaintiff actually read the terms of the arbitration provision. (Filing No. 41-1.)

The Court finds Defendants' responses to the requests for admissions were not untruthful in light of the information then in Defendants' possession. Defendants did, in fact, have evidence which reasonably supported the conclusion that Plaintiff could have reviewed the arbitration provision contained in the stock agreement. Specifically, Defendants had email communications with Plaintiff which directed Plaintiff to the stock agreement containing the arbitration provision. Defendants also were aware that a records custodian could verify the transmission and receipt of the electronic communications. This evidence, taken in conjunction with Defendants responses to several of the other requests for admissions, does not lead the Court to conclude that Defendants were attempting to be deceptive or acting in bad faith. Nor can the Court conclude that Defendants were trying to advance a frivolous argument, or that their responses were interposed for an improper purpose, such as delay or to increase the costs of litigation. Therefore, sanctions are not appropriate in this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Fees, Costs, and a Jury Instruction Associated with Disproving Defendants' Responses to Requests for Admissions ([Filing No. 57](#)) is denied.

Dated this 30th day of August, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge