IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODOLFO A. QUILES,<br><br>       Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY;<br>RODNEY N. DOERR; EDWARD<br>ADELMAN; TRACY SCOTT; and<br>KATHLEEN HUGHES,<br><br>       Defendants. | CASE NO. 8:16CV330<br><br>**PROTECTIVE ORDER** |

This matter is before the Court on the Joint Motion for Entry of Protective Order. ([Filing No. 114](#).) Having considered the matter, the motion is granted.

Accordingly,

**IT IS ORDERED** as follows:

1. <u>SCOPE</u>. This Order shall govern all documents produced by the parties in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

2. <u>CONFIDENTIAL DOCUMENTS/INFORMATION</u>. The parties seek to protect from disclosure certain personal and sensitive information regarding the employees of Union Pacific Railroad Company relating to this lawsuit and Plaintiff's personal and confidential information. Before produced documents are copied or inspected, the producing party may stamp as "Confidential- Subject to Protective Order" or similar notation on any document or deposition testimony which contains such sensitive information. Documents may also be designated as

"Confidential- Subject to Protective Order" or similar notation by written notice to opposing counsel which identifies the documents so designated by Bates number.

Documents designated "Confidential- Subject to Protective Order" or similar notation, deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

   a. Counsel who have signed this Order approving it as to form and content, attorneys who are employed by Plaintiff, co-counsel, retained outside counsel, in house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;
   b. Experts and consultants retained by a party to this action for purposes of assisting in the preparation or presentation of claims or defenses;
   c. Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;
   d. Any person who was involved in the preparation of the document;
   e. The Court, Court personnel, court reporters and similar personnel;
   f. The named parties to this case;
   g. Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (c), (d), (f) and (g) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order. During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order. If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

3. <u>DOCUMENTS ALREADY PRODUCED</u>. Within ten days of the entry of this Order, parties may inform the party to whom documents have been produced that it considers certain documents already produced as being subject to this Order as "Confidential- Subject to Protective Order."

4. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

5. <u>CHALLENGE TO DESIGNATION</u>. If a Party contends that any material designated as "Confidential" is not entitled to confidential treatment, that Party may at any time give written notice challenging the designation to the Party that designated the material as "Confidential." The designating Party shall respond in writing to the notice challenging the designation within fourteen (14) calendar days, or within such other period of time as may be agreed upon by the Parties. If the designating Party refuses to remove the "Confidential" designation, its response shall state the reasons for this refusal. If the Parties are unable to resolve their dispute over the designation of the material, then, after meeting and conferring, the Party that designated the material confidential shall, either: (a) remove such designation; or (b) if it desires to retain the confidential designation, may within 14 days request a Telephonic Discovery Conference with the court to resolve the matter, or (c) seek a protective order from the court as prescribed by Fed R. Civ. P 26(c) and the local rules, but shall not seek any attorney fees or costs related to seeking such an order.

6. <u>RETURN OF DOCUMENTS</u>. Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

7. <u>USE OF DOCUMENTS USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION AT TRIAL</u>.

The designation of confidentiality of any documents pursuant to this Order shall not affect the admissibility of any such document. Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. The Parties agree that this Order does not to address the issue of what confidentiality protections documents will be given at trial of this matter and that the parties shall raise that issue before the Court during the pretrial conference.

8. <u>EXCEPTIONS</u>. The restrictions embodied in this Order shall be binding on the party to whom "Confidential - Subject to Protective Order" information is disclosed unless and until there is a showing that:

(1) Such information was or has become public knowledge absent a breach of this Protective Order; or
(2) The party to whom such disclosure was made had already learned such information from a third party who has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.
(3) The Court makes the determination that said information is not the type of information that should be protected as "Confidential- Subject to Protective Order."

9. <u>NON-EXCLUSIVITY</u>. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this agreement.

10. <u>WAIVER</u>. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

11. **EXPIRATION OF AGREEMENT**.  The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing, or a court of competent jurisdiction orders otherwise.

12. **ENFORCEMENT**.  Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Federal Rules of Civil Procedure.

DATED this 1st day of November, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge