IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODOLFO A. QUILES, <br><br> Plaintiff, <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, INCORPORATED, RODNEY N. DOERR, EDWARD ADELMAN, TRACY SCOTT, and KATHLEEN HUGHES, individually; <br><br> Defendants. | 8:16CV330 <br><br> ORDER |

This matter is before the Court on the United States' Motion to Quash Subpoenas ([Filing No. 104](#)). Upon consideration, the motion is granted.

## BACKGROUND

Plaintiff filed this action on July 7, 2016, alleging that Defendant Union Pacific Railroad Company, Inc. ("Union Pacific") terminated his employment in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*. ([Filing No. 1](#).)

On September 5, 2017, a Subpoena to Testify at a Deposition in a Civil Action was issued to Cecilia Coatney, the Director for Nebraska and Acting Director for Illinois for the United Stated Department of Labor's ("DOL") Veterans' Employment and Training Services. Plaintiff issued a separate Subpoena to Testify at a Deposition under Federal Rule of Civil Procedure 30(b)(6) to a deponent/agent of the Veterans' Employment and Training Services ("VETS"). Cecilia Coatney ("Coatney") and the DOL are not parties to this litigation.

The United States has moved the Court to quash the subpoena issued to Coatney and the 30(b)(6) subpoena issued to a deponent/agent of VETS.[1]

---

[1] Plaintiff's Rule 30(b)(6) subpoena requests testimony from an "agent/persons with knowledge of: (a) the steps taken, (b) evidence obtained, (c) case file, (d) the investigator's correspondence with the parties and witnesses, and (e) findings of the USERRA investigation No. 2016-00002-

**DISCUSSION**

Pursuant to federal statute, federal agencies may promulgate procedural regulations governing "the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." [5 U.S.C. § 301](). The authority for such regulations (commonly referred to as "Touhy regulations") was upheld by the United States Supreme Court in [U.S. ex rel Touhy v. Ragen, 340 U.S. 462 (1951)](). DOL regulation 29 C.F.R. § 2.22 prohibits Coatney from testifying in response to a subpoena unless authorized to do so by the Deputy Solicitor of Labor. The DOL refused to authorize Coatney's testimony, finding that documents given to Plaintiff by the DOL provided a reasonable alternative means of obtaining the information sought.

Circuit courts are split regarding the appropriate standard to use when determining whether a federal agency has properly refused to comply with a third-party subpoena. Some circuits have concluded that a federal agency's refusal to comply is subject to review under the Administrative Procedure Act, which requires a court to uphold an agency's decision unless it is "arbitrary and capricious." *See* [COMSTAT Corp. v. National Science Foundation, 190 F.3d 269, 277 (4th Cir. 1999)]() ("[S]ubpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign . . . thus, in the context of an agency's response to a third-party subpoena, the proper method for judicial review of the agency's final decision pursuant to its regulations is through the Administrative Procedure Act"); [Moore v. Armour Pharmaceutical Co., 927 F.2d 1194 (11th Cir. 1991)]() (noting that the Department of Health and Human Services' decision not to produce an employee pursuant to a subpoena could only be overturned if the action was "arbitrary, capricious, an abuse of discretion, or otherwise not contrary to law").

Other circuits have found that an agency's refusal to comply with a third-party subpoena should be analyzed under the discovery rules set forth in Federal Rules of Civil Procedure 45 and 26. [Exxon Shipping Co. v. U.S. Dept. of Interior, 34 F.3d 774, 780 (9th Cir. 1994)]() ("[D]istrict

---

10-R." ([Filing No. 105]().) The DOL determined that Coatney would be the appropriate individual to provide testimony in response to the subpoena. Thus, the United States treats both subpoenas at issue in this motion as seeking testimony from Coatney.

courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action"); *Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007) ("Rule 45 also supplies the standards under which district courts assess agency objections to a subpoena. The rule requires that district courts quash subpoenas that call for privileged matter or would cause an undue burden").[2]

In the case at hand, this Court would reach the same result using either standard. Therefore, this Court will not attempt to predict which standard would be adopted by the Eighth Circuit Court of Appeals. Rather, the Court will utilize the Federal Rules of Civil Procedure in conducting its analysis because the discovery rules are the most deferential to Plaintiff in this instance.

Pursuant to Federal Rule of Civil Procedure 45, a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45. Factors considered in determining whether a subpoena presents an undue burden include: (1) the relevance of the requested information; (2) the need for the party for the information; (3) the breath of the request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested information; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id*.

Similarly, Federal Rule of Civil Procedure 26 authorizes the court, upon good cause shown, to enter an order limiting discovery or imposing just terms on taking discovery to protect a person or party from annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P.

---

[2] The Eighth Circuit has not directly addressed this issue. However, in *Alltel Communications, LLC v. DeJordy*, 675 F.3d 1100, 1104 (8th Cir. 2012), the Eighth Circuit stated that "[c]oncluding that a third-party subpoena is a 'suit' triggering the federal government's sovereign immunity is significant, but it does not give the Executive Branch a 'blank check' to ignore third-party subpoenas because the agency response may be judicially reviewed under the Administrative Procedure Act."

26. A court must limit discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id*.

Having considered the matter, the Court concludes that the subpoenas seeking Coatney's testimony impose an undue burden upon the United States and are unreasonably cumulative. In response to Plaintiff's earlier subpoena duces tecum, VETS identified 748 pages of responsive documents within its investigative file. VETS withheld 34 pages of documents as privileged, redacted and released 19 other pages, and released the remaining pages in their entirety. The Office of Federal Contract Compliance Programs produced an additional 19 pages of documents. Thus, the information sought from Coatney would be largely duplicative of information previously produced to Plaintiff. Also, given the volume of information already produced, it appears that Plaintiff has no real need for the testimony. Moreover, the DOL is not a party to this litigation. Requiring Coatney to submit to a deposition would necessarily take her away from her official duties. If agency employees "were routinely permitted or compelled to testify in private civil actions, significant loss of manpower hours would predictably result and agency employees would be drawn from other important agency assignments." *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). Allowing Coatney's testimony would unreasonably inconvenience and burden the United States, especially in light of the abundance of information already produced. Therefore, the Motion to Quash will be granted.

Accordingly,

**IT IS ORDERED** that the United States' Motion to Quash Subpoenas (Filing No. 104) is granted.

Dated this 6th day of February, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge