IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODOLFO A. QUILES, <br><br> Plaintiff, <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, INCORPORATED, RODNEY N. DOERR, EDWARD ADELMAN, TRACY SCOTT, and KATHLEEN HUGHES, individually; <br><br> Defendants. | 8:16CV330 <br><br> **ORDER** |

This matter is before the Court Plaintiff's Motion to Quash Third-Party Subpoenas. ([Filing No. 111](#).) Upon consideration, the motion is denied.

## BACKGROUND

Plaintiff filed this action on July 7, 2016, alleging that Defendant Union Pacific Railroad Company, Inc. ("Union Pacific") terminated his employment in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*. ([Filing No. 1](#).) Plaintiff seeks, among other things, the recovery of back and front pay.

Union Pacific has issued notices of intent to serve subpoenas on several of Plaintiff's former employers. The subpoenas seek Plaintiff's "applications for employment and resumes; payroll/wage records; W-2 forms, performance evaluations; and records reflecting the reason(s) for termination/separation from employment." ([Filing No. 100](#).) Plaintiff has moved to quash the subpoenas.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b)(1), as amended, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1)). Rule 26 "is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hodges v. Pfizer, Inc., Civ. No. 14-4855-ADM/TNL, 2016 WL 1222229, *2 (D. Minn. March 28, 2016) (internal quotation omitted). Nevertheless, the scope of discovery is not unlimited. Courts must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26.

Federal Rule of Civil Procedure 45 governs discovery from nonparties through the issuance of subpoenas. Rule 45 provides that nonparties may be commanded to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45. However, "[t]he scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34 and is subject to the rules that apply to other methods of discovery." Desert Orchid Partners, LLC v. Transaction System Architects, Inc., 237 F.R.D. 215, 217 (D. Neb. 2006) (quotation omitted). A subpoena "must seek relevant information." Phelps-Roper v. Heineman, No. 4:09CV3268, 2014 WL 562843, *1 (D. Neb. Feb. 11, 2014).

Plaintiff argues that Defendant's subpoenas are overly broad and seek irrelevant information. Plaintiff maintains that any performance deficiencies occurring during previous employment have nothing to do with his USERRA claims. Plaintiff further contends that prior employment records are not relevant to the issue of damages because they did not form the basis of any assumptions his expert used in creating his damages report. Plaintiff argues that because his damages only arise from his return to Union Pacific and after, his prior employment records are not relevant to the amount of pay to which Plaintiff is entitled if he prevails in this action. Plaintiff also argues that he would be prejudiced by the subpoenas because future employers or employment search firms may be dissuaded from hiring him.

Union Pacific maintains, however, that it needs Plaintiff's employment records to evaluate Plaintiff's claim for front pay and to bolster its mitigation defense. Union Pacific

2

contends that should past employment records show, for instance, that Plaintiff moved around to multiple employers, this information could challenge Plaintiff's expert, whose damage calculation rests on the assumption that Plaintiff would have remained employed at Union Pacific for 40 years.

The Court agrees that Plaintiff's employment records are relevant in this action. Union Pacific should have access to these document to allow it to better evaluate Plaintiff's claim for damages, especially given Plaintiff's assumption that he would have remained employed at Union Pacific for 40 years and received promotions. *See [Lutzeier v. Citigroup Inc., No. 4:14CV183, 2015 WL 1853820, \*3 (E.D. Mo. Apr. 22, 2015)](#)* (denying the plaintiff's motion to quash subpoenas served on former employers where the plaintiff claimed he would have remained at his employer, and received increased compensation and two promotions); *[Smith v. United Salt Corp., No.1:08CV00053, 2009 WL 2929343, \*6 (W.D. Va. Sept. 9, 2009)](#)* (denying motion to quash previous employment records finding that the records were relevant to "demonstrate that the plaintiffs do not remain at any job for long").

These records are also important for Union Pacific's mitigation defense. These employment records could be used to assess the quality of any post-termination position Plaintiff has sought, both in terms of his transferable skills and past compensation. *[Smith, 2009 WL 2929343 at \*6](#)* (denying motion to quash subpoenas requesting past employment history reasoning that "the subpoenas could generate evidence that the plaintiffs have acquired strong, transferrable vocational skills in their prior jobs").

Moreover, in this action, Union Pacific maintains that Plaintiff was terminated for poor performance and insubordination. It is reasonable to conclude that records from Plaintiff's previous employers could lead to other matters that bear on Plaintiff's assertion that he was terminated in violation of USERRA. Thus, in light of Plaintiff's claims and Union Pacific's defenses, the documents requested in the subpoenas are relevant.

The Court further concludes that the subpoenas are not overly broad. Union Pacific did not request Plaintiff's complete employment record. Rather, the subpoenas seek limited categories of employment information.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Quash Third-Party Subpoenas ([Filing No. 111](#)) is denied.

Dated this 6th day of February, 2018.

BY THE COURT:

S/ Susan M. Bazis
United States Magistrate Judge