IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODOLFO A. QUILES,<br><br>            Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, INCORPORATED, RODNEY N. DOERR, EDWARD ADELMAN, TRACY SCOTT, and KATHLEEN HUGHES, individually;<br><br>            Defendants. | 8:16CV330<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff's objection, Filing No. 134, to the order of the magistrate judge quashing plaintiff's subpoena for a deposition, Filing No. 131. This action arises out of plaintiff's termination by Union Pacific Railroad Company, Incorporated (hereinafter "UP") allegedly in violation of 38 U.S.C. §§ 4312, and 4313 and 4316; and 20 C.F.R. § 1002 *et seq.* (Uniform Services Employment and Reemployment Rights Act, hereinafter "USERRA"). Plaintiff contends UP terminated him for unlawful reasons, namely (1) his required military service, and (2) in retaliation for filing a complaint with the Department of Labor.

### BACKGROUND

Union Pacific hired plaintiff in February, 2014, as a General Manager of Safety Analysis. Plaintiff is a member of the United States Marine Corps Reserve. The military deployed plaintiff on or about May 12, 2015. While deployed, Greg Workman was hired by UP and assumed most of plaintiff's job responsibilities. Plaintiff returned to work on October 19, 2015. He learned he had been demoted. He complained and said this demotion violated

USERRA. He conferred with management, the human resources department, and with legal counsel for UP. He thereafter asserted his rights under USERRA.

Plaintiff tried to transfer into another department. He successfully interviewed for the position, but the Director of Human Resources blocked his transfer. In November, 2015, plaintiff received a mid-year review. In his written review his military service absence was referenced in a negative manner. In December, 2015, plaintiff received another review, again containing negative military comments. He received a below expectations rating. This allegedly cost him approximately $40,000.00 in denial of a year-end pay raise and bonus pay and stock interest. On December 18, 2015, plaintiff filed a complaint of discrimination and violation of USERRA with the Department of Labor Veterans Employment Training Service. During the investigation, plaintiff received a letter of reprimand for refusing to attend a calendar meeting invitation. On March 2, 2016, defendants placed plaintiff on a performance review plan. Plaintiff says he immediately made the changes, so the follow up date of May 2, 2016, was canceled. However, on March 29, 2016, his employment was terminated. The Department of Labor investigation concluded on April 22, 2016, and the findings indicated plaintiff's claims had merit. Four days later, on or around April 26, 2016, Mr. Quiles received notice from UP that his 2014 bonus stock award of 237 shares of Union Pacific Corporation was being forfeited because it had not vested prior to his termination.

**DISCUSSION**

As determined by the magistrate judge:

> On September 5, 2017, a Subpoena to Testify at a Deposition in a Civil Action was issued to Cecilia Coatney, the Director for Nebraska and Acting Director for Illinois for the United Stated Department of Labor's ("DOL") Veterans' Employment and Training Services. Plaintiff issued a separate Subpoena to Testify at a Deposition under Federal Rule of Civil Procedure 30(b)(6) to a deponent/agent of the Veterans' Employment and Training

Services ("VETS"). Cecilia Coatney ("Coatney") and the DOL are not parties to this litigation.
　　The United States has moved the Court to quash the subpoena issued to Coatney and the 30(b)(6) subpoena issued to a deponent/agent of VETS.

Filing No. 131, at 1.

The magistrate judge determined that DOL regulation 29 C.F.R. § 2.22 prohibits Coatney from testifying unless the Deputy Solicitor of Labor permits her to do so. In this case, the DOL prohibited her from testifying, contending that the plaintiff had other alternative means that were reasonable for obtaining the requested information. The magistrate judge noted that the courts are split on how to handle such a request, but she determined that regardless of the standard, the court would come to the same conclusion.

The magistrate judge then analyzed the request to quash under Fed. R. Civ. P. 45 and 26, and concluded the subpoena imposes an undue burden on the United States. VETS identified 748 relevant documents, withheld 34 as privileged and redacted 19 pages, and otherwise released all the remaining pages in their entirety. The magistrate judge concluded that the testimony of Coatney would be largely cumulative, and a deposition would take her away from her normal duties. Accordingly, the magistrate judge granted the United States' motion to quash.

In his objections, plaintiff contends that the magistrate judge erred as follows:

1. The magistrate's Order ignores Mr. Quiles' need for the testimony;
2. The magistrate's decision regarding undue burden is not supported by any record evidence; and
3. The magistrate's conclusion that testimony would be unreasonable cumulative is clearly erroneous.

Filing No. 134.

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. NECivR. 72.2(a); Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r,* 926 F.2d 737, 740 (8th Cir. 1991) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff claims that Ms. Coatney's testimony is relevant and critical to each of his claims. First, argues plaintiff, the DOL/VETS conducted its investigation of UP to obtain evidence regarding plaintiff's complaint. Second, plaintiff claims willful violation of USERRA regarding many of the claims investigated by Ms. Coatney. Third, he contends that UP has asserted a number of affirmative defenses that would likely be rebutted by Ms. Coatney. Plaintiff also contends Coatney interviewed a number of witnesses, and he would like to identify them via Coatney.

Plaintiff next argues that there is no evidence of undue burden. Undue burden or expense, actual or potential, must be shown by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981). The letter provided by in-house counsel Mr. Fick, argues plaintiff, offers no support for why the request is burdensome. Plaintiff contends the deposition will be short and will not take Ms. Coatney away from her duties. Further, he asserts that the deposition will not be unreasonably cumulative. He contends that the magistrate judge did not even look at the administrative file (as it was not presented to her), or she would have noted that there are no sworn statements in the file, the contents are strings of emails, and Coatney's often illegible notes.

Thereafter, both parties asked the magistrate judge to permit them to file additional evidence, and she granted the request. Filing Nos. 136, 140 and 142. The parties also moved and the magistrate granted a joint stipulation to withdraw affirmative defenses. Filing Nos. 143 and 144. The United States filed a declaration by Laurie Kelly which indicated she personally reviewed the documents, and out of the 748 documents only 6 had handwritten notes on them, and only 1 of those pages had any illegible handwriting. Filing No. 141-1.

The Court agrees with the order of the magistrate judge. The United States has brought forth sufficient evidence that the documents will suffice in this case. If further questioning needs to be done based on the documents, counsel can go straight to the source. Second, the Court notes that plaintiff does in fact have evidence that Ms. Coatney's forced appearance would take her away from her very busy schedule.[1] The United States made a showing that pulling Ms. Coatney out of her job for a deposition will in fact affect her work. If agency employees "were routinely permitted or compelled to testify in private civil

---

[1] As the DOL explained to Plaintiff:

Ms. Coatney is permanently assigned as the VETS Director ("DVET") for Nebraska. She is also currently serving as the acting DVET for Illinois. The DVET is the only VETS supervisor of VETS employees assigned in each state. The workload for a dual-hatted DVET increases dramatically and, in some cases, may double based on the size of the state. Illinois is currently the largest state assigned to the VETS Chicago Region.

Through her dual assignment to Nebraska and Illinois, Ms. Coatney actively manages five full-time employees and provides technical assistance and oversight to two primary DOL/VETS grants, six DOL/VETS Competitive Grant awards and a variety of smaller grant funded activities. The DOL/VETS grant awards require rigorous attention due to mandated on-site visits, reporting deadlines and other actions required by the grantee.

In addition, Ms. Coatney also actively investigates USERRA and Veterans Preference ("VP") complaints and provides first line supervision to subordinates' investigations (which average over 50 investigations annually). These investigations, as part of VETS' compliance mission, include stringent deadlines and other congressionally mandated actions that make availability critical.

Ms. Coatney also provides oversight and engagement to the DOL/VETS transition assistance program, which currently operates through four military installations, and provides outreach and active engagement with stakeholders that include state and county agencies, veteran service organizations and the local employer community.

Filing No. 105-4, Plick Decl. Ex. C, pp. 4-5.

actions, significant loss of manpower hours would predictably result and agency employees would be drawn from other important agency assignments." *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). What plaintiff fails to consider is that if these investigators are required to submit to short "depositions" in their cases, that is all they will be doing. They will not have time to do their jobs. The Court agrees with the magistrate judge that there is no need or basis for taking the deposition of Ms. Coatney. The Court finds that the magistrate judge's order was neither clearly erroneous nor contrary to law.

THEREFORE, IT IS ORDERED THAT:

1. The motion to quash by the United States, Filing No. 104, is granted;

2. The objections of the plaintiff, Filing No. 134, are overruled; and

3. The order of the magistrate judge, Filing No. 131, is affirmed and adopted in its entirety.

Dated this 10th day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge