IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODOLFO A. QUILES,<br><br>              Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, INCORPORATED, RODNEY N. DOERR, EDWARD ADELMAN, TRACY SCOTT, and KATHLEEN HUGHES, individually;<br><br>              Defendants. | **8:16CV330**<br><br>**ORDER** |

This matter is before the Court on Taina Collazo-Quiles' ("Ms. Quiles") Motion to Intervene. (Filing No. 197.) For the reasons explained below, the motion will be granted.

## DISCUSSION

Rodolfo Quiles ("Plaintiff") filed this action on July 7, 2016, generally alleging that Defendant Union Pacific Railroad Company unlawfully terminated his employment. Plaintiff is seeking, among other things, an award of back pay and lost wages. Trial is scheduled for December 17, 2018.

On August 31, 2018, Ms. Quiles, who is Plaintiff's current wife, moved to intervene in this case pursuant to Federal Rule of Civil Procedure 24(a)(2). Ms. Quiles advised that Plaintiff filed for divorce on August 24, 2018, and that she seeks to intervene to protect her interest in any award or settlement entered in this action. Ms. Quiles wants to ensure that any amount awarded is included in the marital estate, subject to equitable division in the divorce proceeding.

Under Federal Rule of Civil Procedure 24(a)(2), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R.

Civ. P. 24(a)(2). A party seeking to under Rule 24(a)(2) must show that it timely filed a motion to intervene, it has a recognized interest in the litigation, its interest may be impaired by the disposition of the case, and that no other party can adequately protect its interest. *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

Having reviewed the matter, the Court will allow Ms. Quiles to intervene. Although trial is quickly approaching, Ms. Quiles' motion was submitted within a week of the divorce filing. Ms. Quiles has an interest in protecting the marital estate subject to division in the divorce proceeding. *See S.E.C. v. Flight Transportation Corp.*, 699 F.2d 943, 949 (8th Cir. 1983) (holding that a wife's interest in marital property was sufficient to support intervention). Also, Plaintiff's interest is adverse to that of Ms. Quiles. Even though Plaintiff and Ms. Quiles have the same interest in maximizing any monetary award, Plaintiff has a financial incentive to minimize the marital estate, possibly by structuring payment to exclude it from the marital estate. Moreover, Plaintiff cannot adequately protect Ms. Quiles' interests given the state of their relationship. They are directly adverse in the divorce proceeding and a monetary award is only beneficial to Ms. Quiles if the money is included in the marital estate. *See Flight*, 699 F.2d at 949 (allowing intervention by estranged wife, stating that the wife "should not have to depend on representation by a person with whom her personal relationship has apparently been irretrievably broken"). Ms. Quiles' injury is not speculative, as there is an imminent danger that her property interest could be eliminated through this lawsuit.

However, given the late stage of this litigation, Ms. Quiles will only be permitted to intervene in a limited capacity, which should be acceptable since Ms. Quiles has represented that her interest in this case is very narrow.[1] This case has been pending for quite some time. Therefore, to ensure that trial is not delayed, Ms. Quiles' participation in this action will be restricted to settlement negotiations and matters related to the payment of any monetary award or settlement. Ms. Quiles will not be permitted to conduct discovery or participate in the trial itself.

---

[1] In her brief offered in support of her motion, Ms. Quiles stated that if intervention was granted she would not participate in active discovery or in the trial itself, as her "primary objective . . . is to ensure no settlement takes place that may impair her interest in property that belongs in the marital estate of the divorce proceeding." (Filing No. 198 at CM/ECF p. 5.)

Accordingly,

**IT IS ORDERED** that the Motion to Intervene ([Filing No. 197](Filing No. 197)) is granted as set forth above.

Dated this 10th day of October, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge