IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODOLFO A. QUILES,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, INCORPORATED, RODNEY N. DOERR, EDWARD ADELMAN, TRACY SCOTT, and KATHLEEN HUGHES, individually;<br><br>Defendants. | 8:16CV330<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on motions filed by both parties including; defendants' motions for summary judgment, Filing No. 165 and Filing No. 168, plaintiff's motion for partial summary judgment, Filing No. 171, and plaintiff's motion to dismiss parties, Filing No. 175. Plaintiff alleges discrimination and demotion by his employer, Union Pacific Railroad Company, Inc. ("UP"), in willful violation of USERRA.[1] Filing No. 96, Amended Complaint.

**I.    BACKGROUND**

Defendants filed a motion for summary judgment, Filing No. 165, seeking judgment as a matter of law on all claims set forth in the First Amended Complaint pursuant to Fed.

---

[1] Plaintiff asserts six causes of action in total: (1) discrimination in violation of 38 U.S.C. § 4311(a); (2) discrimination in violation of 38 U.S.C. § 4311(b); (3) violation of 38 U.S.C. §§ 4312 and 4313 for failing to re-employ plaintiff upon return from military service; (4) violation of 38 U.S.C. § 4316 for denying plaintiff of other rights and benefits and termination without cause; (5) violations of 38 U.S.C. § 4316(b)(1) and 38 U.S.C. § 4318 for failure to restore plaintiff's full employment status with full benefits; and (6) for willful violations under 38 U.S.C. § 4323. These claims will be referred to as Uniformed Services Employment and Reemployment Rights Act ("USERRA") claims from here on.

1

R. Civ. P. Rule 56. Filing No. 96. Plaintiff filed a cross motion for partial summary judgment pursuant to Fed. R. Civ. P. Rule 56 on the issues of: (1) plaintiff's § 4312 re-employment claim; (2) plaintiff's § 4316 demotion claims; and (3) UP's affirmative defenses of impossibility, undue hardship, and non-conduct just cause for demotion.

Plaintiff, Rodolfo Quiles, began employment with UP in February 2014. Quiles served in the United States Marine Corps from May 12, 2015 to October 18, 2015. While deployed, UP hired Greg Workman who then assumed most of plaintiff's job responsibilities. Prior to deployment, plaintiff held the title of "general manager of safety analysis." Upon return, defendants re-employed plaintiff and he held the new title of "director of safety analysis." Plaintiff met with UP's human resources department regarding his change in title. On November 9, 2015, plaintiff met with general counsel, Kathleen Hughes, to discuss his concerns with the change in title. Plaintiff unsuccessfully applied for employment in other areas of UP during 2015. When he successfully interviewed for a position in another department, the Director of Human Resources blocked his transfer.

On December 18, 2015, Quiles filed a complaint of discrimination and violation of USERRA with the Department of Labor Veterans Employment Training Service. During the investigation, plaintiff received a letter of reprimand from his employer, Union Pacific, for refusing to attend a calendar meeting invitation. On March 2, 2016, defendants placed plaintiff on a performance review plan ("PIP") with a follow up date of May 2, 2016. On March 29, 2016, his employment was terminated. The Department of Labor investigation concluded on April 22, 2016, and the findings indicated that Quiles's claims had merit. Four days later, on or around April 26, 2016, plaintiff received notice from UP that his

2014 bonus stock award of 237 shares of UP were being forfeited because it had not vested prior to his termination.

## II. LAW

### A. Summary Judgment Standard

Summary judgment should be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Summary judgment is appropriate when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint*, 736 F.3d 1134, 1136 (8th Cir. 2013). Summary judgment is not disfavored and is designed for every action. *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Briscoe*, 690 F.3d at 1011.

Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "a genuine issue of material fact' such that [its] claim should proceed

3

to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quotations omitted).

The existence of a mere scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011); *see Quinn v. St. Louis Cty.,* 653 F.3d 745, 751 (8th Cir. 2011) (stating "the mere existence of some alleged factual dispute between the parties" will not defeat an otherwise properly supported motion for summary judgment) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis omitted)). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

### B. USERRA Framework

USERRA was enacted prevent employment discrimination based upon military service. *Maxfield v. Cintas Corp No. 2*, 427 F.3d 544, 551 (8th Cir. 2005). To qualify for re-employment, a returning service member need satisfy three criteria for USERRA's protections to apply: (a) be a member of the uniformed services of the United States; (b) had given advance written or verbal notice to his employer of the impending military obligations; and (c) the cumulative length of absence including all previous absences from a position of employment due to duties of uniformed services may not exceed five years. 38 U.S.C. § 4312(a) (1)-(3) (2015).

Under USERRA, an employee bears the initial burden to prove that (a) the plaintiff was subject to an adverse employment action, and (b) military status or the exercise of rights afforded by USERRA was a motivating or substantial factor in the employer's

4

action. *Maxfield,* 427 F.3d at 551. If the employee makes a showing of adverse employment action, the employer can defeat the claim by establishing that, "the action would have been taken despite the protected status." *Id.*

## III. DISCUSSION

### A. USERRA

The defendants challenge the application of USERRA to the plaintiff. The defendants argue that UP did not violate the statute as a matter of law. The Court finds that the plaintiff meets the three statutory criteria. Quiles is protected under USERRA for the following reasons: (a) Quiles had given advanced notice of service to UP; (b) Quiles's Marine Corps service absences accounted for less than five years during his employment with UP; and (c) Quiles returned to his employment with UP. Quiles satisfies each of the statutory requirements under 38 U.S.C. § 4312(a) (1)-(3) (2015).

Further, for purposes of this motion, the Court finds the plaintiff has shown an adverse employment action upon his return from military service, namely allegations that he did not receive his prior job following deployment; that he was not permitted to transfer to other similar positions; and that he was placed on a performance improvement plan and then discharged prior to the expiration of that plan. The defendants contend that he would have been discharged in any event. However, these are factual questions that must be determined by the trier of fact. The Court finds that these allegations in conjunction with meeting the statutory requirements under USERRA are sufficient to find as matter of law that the plaintiff's claim is covered under USERRA.

### B. Defendants' motion for summary judgment as to defendant Kathleen Hughes and Plaintiff's motion to dismiss parties Kathleen Hughes and Tracy Scott

Defendant Hughes filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on any and all claims raised by the plaintiff within the Amended Complaint. Filing Nos. 168. Defendant claims that USERRA does not apply to Hughes due to the nature of the statute. *Id.* Defendant also asserts that USERRA only applies to employers and that this defendant does not control plaintiff's salary or employment; therefore, defendant Hughes cannot have violated USERRA. *Id.*

The plaintiff filed a motion to dismiss (Filing No. 175) defendant Hughes, along with defendant Tracy Scott, pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff further asserts that retention of the two parties, Hughes and Scott, as defendants is not necessary for the plaintiff to obtain full relief for the USERRA claim against his employer. The Court finds it appropriate to grant both motions relating to defendant Kathleen Hughes.

Subsequently, any and all claims within the First Amended Complaint against Hughes and Scott shall be dismissed with prejudice and are unnecessary to resolve the plaintiff's USERRA claims.

### C. Defendants' Motion for Summary Judgment

The Court has reviewed the evidence submitted in connection with the motion to ascertain that there are genuine issues of material fact precluding summary judgment in this case. The defendants' argument that UP has historically had a positive attitude toward military veterans does not preclude liability from any USERRA violation. Despite the change in title from "general manager of safety analysis" to "director of safety analysis," the defendants assert that Quiles performed the same job. The plaintiff argues

6

in opposition, explaining that the title change constitutes a demotion in the hierarchy although his salary had not changed. Defendants also argues that the plaintiff was "better off" after his return to employment because he would otherwise have been demoted or terminated due to a companywide reorganization. The plaintiff insists that he had been performing his job effectively and that UP responded by putting him on a PIP and ultimately terminating his employment. The defendants contend that UP designed the PIP to give the plaintiff a chance to improve his performance in a way that would allow him to work successfully through the reorganization. Plaintiff also argues that being placed on a PIP and his ultimate discharge from his position with UP is evidence of discrimination against him.

Further, the Court finds there is a genuine issue of material fact with respect to Quiles's post-deployment position at UP. The defendants' assertion that plaintiff's pre-deployment position held the same or similar seniority, duties, salaries, or benefits despite the title change is a factual question. This Court need only decide whether, on the record as a whole, there is a genuine issue for trial on the ultimate question of discrimination or adverse employment action.

The Court finds that there is evidence from which a jury could infer that UP's purported nondiscriminatory reason to terminate plaintiff's employment is without merit. A jury could also make an adverse finding regarding defendants' contention that their termination of plaintiff's employment would have taken place despite military deployment. Resolution of all the claimed issues will involve credibility assessments. Accordingly, the Court finds the defendants' motion for summary judgment should be denied.

### D. Plaintiff's Motion for Partial Summary Judgment

The Court finds that the evidence submitted in connection with this motion leads to a finding of genuine issues of material facts precluding summary judgment for the plaintiff. Plaintiff argues that the defendants hired Greg Workman to perform his duties and responsibilities, effectively replacing him in his role as "general manager of safety analysis." Defendants argue that this change does not affect the USERRA analysis because within the UP hierarchy this did not change plaintiff's seniority. Plaintiff also contends that UP denied his transfer to another position, which he successfully interviewed for, was due to his veteran status and deployment in 2015. Defendants express that this was not the case because he was unqualified for the position that he sought.

Whether the post-deployment title was a demotion or motivated by animus toward plaintiff's military status is a question of fact for the jury. A reasonable jury could infer from the evidence that the plaintiff's USERRA rights were not violated due to sufficient reemployment in a position of like seniority, salary, and benefits. Resolutions of the issues will involve a credibility assessment by a jury. Accordingly, the Court finds the plaintiff's motion for partial summary judgment should be denied.

THEREFORE IT IS ORDERED THAT:

1. Defendants' motion for summary judgment, Filing No. 165, is denied.

2. Defendant's motion for summary judgment as to defendant Kathleen Hughes, Filing No. 168, is granted.

3. Plaintiff's motion for partial summary judgment, Filing No. 171, is denied.

4. Plaintiff's motion to dismiss parties, Tracy Scott and Kathleen Hughes,

Filing No. 175, is granted.

Dated this 26th day of November 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge