IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RODOLFO A. QUILES, | |
|---|---|
| Plaintiff, | 8:16CV330 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, INCORPORATED, RODNEY N. DOERR, EDWARD ADELMAN, individually; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on defendants' motion in limine, Filing No. 214 and plaintiff's motion in limine, Filing No. 217.

**BACKGROUND**

Plaintiff, Rodolfo Quiles, began employment with UP in February 2014. Quiles served in the Marine Corps from May 12, 2015, to October 18, 2015. While deployed, UP hired Greg Workman and he assumed most of plaintiff's job responsibilities. Prior to deployment, plaintiff held the title of "general manager of safety analysis." Upon return, defendants reemployed plaintiff and he held the new title, "director of safety analysis." Plaintiff met with UP's human resources department regarding his change in title. On November 9, 2015, plaintiff met with general counsel Kathleen Hughes to discuss his concerns with the change in title. Plaintiff unsuccessfully applied for employment in other areas of UP during 2015. When he successfully interviewed for a position in another department, the Director of Human Resources blocked his transfer.

On December 18, 2015, Quiles filed a complaint of discrimination and violation of USERRA with the Department of Labor Veterans Employment Training Service. During

the investigation, plaintiff received a letter of reprimand from his employer, Union Pacific, for refusing to attend a calendar meeting invitation. On March 2, 2016, defendants placed plaintiff on a performance review plan ("PIP") with a follow up date of May 2, 2016. On March 29, 2016, his employment was terminated. The Department of Labor investigation concluded on April 22, 2016, and the findings indicated that Quiles' claims had merit. Four days later, on or around April 26, 2016, plaintiff received notice from UP that his 2014 bonus stock award of 237 shares of UP was being forfeited because it had not vested prior to his termination.

**DISCUSSION**

    **A.   Defendants' motion in limine, Filing No. 214**

Defendants file their motion in limine pursuant to Fed. R. Evid. 401, 402, 403, 404, 408 and Fed. R. Civ. P. 26. Specifically, defendants request that this Court prohibit plaintiff, plaintiff's counsel or any of plaintiff's witnesses from testifying to the following:

1. *Evidence of Department of Labor investigation and findings.* Defendants contend that the Eighth Circuit has ruled that exclusion under Rule 403 of the EEOC determination was not an abuse of discretion. *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304 (8th Cir. 1984). The Eighth Circuit determined that administrative findings are not per se admissible under Rule 803(8) of the Federal Rules of Evidence, finding in that case that the EEOC determination was conclusory and admitting the report risked confusing and misleading the jury. *Id.* at 1309.

Plaintiff asks the court to not exclude evidence of the DOL investigation. Plaintiff agrees he will not admit testimony or documents regarding the findings of the DOL's investigation. However, the Court should, according to plaintiffs, be allowed to introduce

testimony and evidence that shows defendants were aware of the USERRA complaint, as these go to the retaliation and willfulness claims. *See* Amended Complaint, Filing No. 96, ¶¶ 33-42, 57 and 68.

The Court will permit the evidence as outlined by plaintiff as it relates to the knowledge of the USERRA complaint and as it sheds light on the retaliation and willfulness claims. However, if during the trial defendants feel plaintiff is crossing over into murky areas, they may object and the Court will further rule at that time.

*2. Evidence regarding Plaintiff's forfeiture of his 2014 restricted stock award*.

Defendants contend that plaintiff should be estopped from pursuing damages under the stock agreement which he has disavowed. Defendants contend that plaintiff could only receive stock shares if he remained employed for four years from February 5, 2015, the date of issuance. Union Pacific terminated plaintiff in March of 2016. Defendants contend that plaintiff has taken inconsistent positions on this issue. "The doctrine of judicial estoppel prohibits a party from taking inconsistent positions in the same or related litigation." *United States ex rel. Gebert v. Transp. Admin. Servs*., 260 F.3d 909, 917 (8th Cir. 2001). Plaintiff initially contended he did not accept the stock offer argues defendants, and thereafter, he argued he is entitled to recover benefits under the stock offer. Defendants argue that this Court agreed with plaintiff in early 2017 and denied Union Pacific's motion to compel arbitration, as plaintiff had not accepted the stock offer. Filing No. 53 at 10. Allowing plaintiff to at this time attempt to recover damages in this regard would be unfair, argues Union Pacific.

Plaintiffs contend that he court should not exclude evidence of damages of the stock award. Plaintiff bases his argument on the previous order entered by this Court, wherein the Court stated:

> The court agrees with the plaintiff. As pointed out by the plaintiff, he never saw an arbitration agreement. The evidence shows plaintiff did not access the grant agreement as of October 26, 2016, and thus he did not ever accept the arbitration agreement. Plaintiff received the stock award with no requirement that he agree to arbitration.
>
> Further, and the court agrees, plaintiff contends that he only wishes to be placed in the same situation as existed prior to his termination. Plaintiff argues that a performance bonus could not transform his employment status into one of a contract. That includes his stock award. He argues he does not need any benefit from the arbitration agreement. He is seeking damages for wrongful termination including lost wages. These are remedies, he argues, and not a cause of action underlying the arbitration agreement.
>
> The court agrees and finds plaintiff is not required to arbitrate under any of the many theories proposed by defendants. The court agrees that there are no facts to support a claim that plaintiff agreed to arbitrate. The court finds there is no valid, binding agreement to arbitrate as a matter of law. The issues in this case involve termination and possible compensation of the plaintiff. There is no evidence that plaintiff agreed to an arbitration contract. Under the facts in this case, plaintiff is not required to arbitrate his re-employment claim. Plaintiff has the right to sue under USERRA. To the extent this arbitration clause attempts to abrogate this right, it is void. […]
>
> Further, UP's arbitration agreement fails to mention USERRA. Section 4334 of USERRA requires an employer to "provide to persons entitled to rights and benefits under [USERRA] a no-tice of rights, benefits and obligations of such persons and such employers under [USERRA]." Such waivers must be in writing. *See* 38 U.S.C. § 4316(b)(2)(A)(ii). The burden is on UP to show written notice and prove the employee knew of the specific rights he would lose. [38 U.S.C. § 4316](#) (b)(2)(B). *See [Breletic v. CACI, Inc.](#)*, 413 F. Supp. 2d. 1329 (N.D. Ga. 2006) (arbitration agreement was not enforceable because it did not constitute a clear waiver of the employee's right to bring his claims in a judicial forum under the USERRA). There was no knowing or voluntary agreement or waiver in this case.

[Filing No. 53 at 10-11](#).

The Court agrees with the plaintiff. There is no support for a judicial estoppel theory. The arbitration agreement was void because it was not received by plaintiff. The stock offer has very little if anything to do with the void arbitration agreement. The Court will deny the motion for summary judgment and will permit the plaintiff to present his evidence on the stock award at trial. An "employee stock ownership plan" is defined as a benefit of employment under USERRA. 38 U.S.C. § 4303(2).

> *3. Evidence of unsupported claims of USERRA violations:*
>
> > *A. That Quiles was denied a stock award;*
> >
> > *B. That Quiles's reemployment violated 38 U.S.C. § 4311; and*
> >
> > *C. That Defendants willfully violated USERRA.*

Defendants contend that plaintiff filed four counts of USERRA violations, but plaintiffs claim multiple grounds within each count for these claims. Defendants move in particular to "exclude any argument (a) that Plaintiff's mid-year review violated USERRA, (b) that Plaintiff's year-end review violated USERRA, (c) that Quiles was denied bonus pay or stock awards, (d) that Plaintiff's reemployment as director of safety analysis violated Section 4311; (e) that Quiles was denied other job opportunities, and (f) that Defendants committed willful violations of USERRA." Filing No. 215 at 10.

First, defendants argue plaintiff had no unconditional interest in the 237 shares of Union Pacific stock granted to him as part of his 2014 bonus. This award argues defendants, was conditioned on continued employment until 2019. Second, defendants' argue there is no claim under § 4311 as that applies to claims of discrimination only after the moment of reemployment. *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 304 (4th Cir.2006) (noting that sections of USERRA, such as § 4311 and § 4316, protect the

5

member after reemployment occurs). In this case, contends defendants, plaintiff's reemployment as the director of safety analysis cannot support his second cause of action alleging retaliation, because his reemployment occurred before he asserted his rights under USERRA. Third, defendants ask this Court to exclude the argument regarding an alleged willful violation under USERRA. Union Pacific argues it made every effort to comply with USERRA during the 2015 RIF and ReOrg. Plaintiff was not considered for dismissal during this time period. There is no evidence upon which to find willfulness asserts defendants.

Plaintiffs argue that the USERRA claims are supported by the evidence. Plaintiffs contend that Union Pacific provides no argument or support for assertions (a), (b) and (e). The Court agrees that these three assertions relate primarily to the stock award compensation already discussed by the Court herein. The Court also agrees that this appears to be an attempt to have the willfulness issue decided as a summary judgment motion via a motion in limine. The Court will not determine the issue of willfulness until it hears all the evidence at trial. If the evidence is sufficient, the jury will decide the issues surrounding willfulness and the Court will decide the issues regarding liquidated damages. *See Broadus v. O.K. Indus.*, 226 F.3d 937, 944 (8th Cir. 2000). Further, the Court will permit the evidence regarding reemployment. This is not a motion for summary judgment disguised as a motion for limine. Defendants can make their objections, if any, at trial.

4. *Evidence of other litigation against Defendants*. Defendants argue that any reference to lawsuits they are involved in are irrelevant, other than appropriate questions during voir dire. Plaintiff does not resist this motion.

*5. Evidence of or reference to pretrial matters, motions, or orders.* Defendants contend that any such matters are irrelevant and would be prejudicial and mislead the jury. Plaintiff does not resist this motion.

6. *Evidence of financial comparisons between or among the parties.* Likewise, defendants contend that any comparison between the wealth of the plaintiff and of Union Pacific should not be referred to in the case. *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 464 (1993) (noting that "emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations…."). 

Plaintiff asks the Court to deny this motion. Plaintiff contends that the TXO case actually hurts defendants arguments. The Supreme court in that case held that "the 'financial position' of the defendant as one factor that could be taken into account assessing punitive damages." *TXO*, 509 U.S. 443, 464, citing *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991). However, plaintiff states he does not intent to seek punitive damages. But, plaintiff does argue that because defendants assert the 2015 reduction in force resulting in the loss of seven positions in the UP Safety Department, which caused a change in duty title for plaintiff, the size of the company and the safety department will become an issue in the case. Further, some analysis of plaintiff's damages will require some discussion of plaintiff's own wealth and that too should be allowed. The Court will have to listen to this evidence with everything else in the context of this case. This is not appropriate for decision at this point in the case. The parties can reargue their positions during trial.

*7. "Golden rule" argument.* Defendants argue that plaintiff should not be permitted to ask the jury to put themselves in his shows and give him what they would want. Defendants argue this will cause the jury to "depart from neutrality and to decide the case

7

on the basis of personal interest and bias rather than on the evidence." *Lovett v. Union Pacific RR. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000). Plaintiff contends he has no intention of making this argument. However, he will present evidence that requires the jury to consider reasonable person standards. That testimony should be allowed argues plaintiff.

The Court agrees with both parties. The plaintiff will be permitted to make his case at trial but will not be permitted to make the so called "golden rule' argument. However, he may otherwise argue about what damages a reasonable person should award the plaintiff.

8. *Solicitation of juror promises*. Defendants contend the plaintiff must not be permitted to ask the jurors to promise to do or not do something. The jurors must follow the jury instructions as given by the Court. Plaintiff does not resist this motion.

9. *Argument that the verdict should send a message.* Defendants contend the plaintiff should be instructed to not suggest to the jurors that the verdict should punish or "send a message" to Union Pacific.

Plaintiff contends it does not intend to present evidence or argue for damages resulting from harm to nonparties. However, plaintiff does intend to offer evidence for liquidated damages for willful conduct pursuant to 38 U.S.C. § 4323(d).

The Court agrees with the plaintiff that he will be permitted to provide evidence as described herein, assuming the evidence supports such a claim. If defendants believe the plaintiffs extend their arguments or offer evidence that extends beyond the scope of willful conduct and liquidated damages, it can make the appropriate objection at that time.

10. *Evidence of previously undisclosed damages*. Defendants ask the Court to exclude evidence regarding undisclosed damages or equitable relief. Plaintiff agrees to this as a general statement. However, plaintiffs do intend to update damages reports to

account for the general time period from the close of discovery to the time of trial, and such update will be provided to the defendants. The Court agrees with this request by the plaintiff as well as the request by the defendants. No new damages calculations will be allowed, other than updating the already existing ones.

11. *Opinions of unfair treatment or USERRA violations*. Defendants argue that plaintiff should not be able to ask other witnesses if they think Union Pacific discriminated against him on the basis of his military service or retaliated against him for asserting his USERRA rights. These decisions fall within the province of the jury. *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998).

Plaintiffs contend that if witnesses are able to provide an appropriate foundation regarding the lack of necessity for the reorganization and plaintiff's resulting job change, the witness should be able to do so. The Court agrees that this goes to relevance and foundation. The Court finds it hard to believe that most witnesses will be able to set the foundation regarding the reorganization. However, the Court believes this is an issue best determined at trial.

12. *Discipline history of defense witnesses.* Defendants argue that plaintiff should not be able to ask defendants' witnesses about their workplace discipline. The only evidence that is relevant, contends defendants, is the workplace discrimination or retaliation against plaintiff. Anything else would likely be character evidence.

Plaintiff does not intend to offer evidence about workplace discipline with one exception, Ed Adelman's firing from his position at Union Pacific in August 2015. Plaintiff contends that Mr. Adelman was fired and then moved to the Safety Department on September 1, 2015. He took over plaintiff's job, allegedly, and received a new title. He

became plaintiff's boss upon plaintiff's return from military duty. Plaintiff told him this violated USERRA. Plaintiff argues that such statements made by the plaintiff caused the retaliation against him.

The Court does not have sufficient evidence to make a determination about this issue at this time. Consequently, the Court will provisionally permit the testimony outside the presence of the jury before making a final ruling. The Court is hard pressed to understand the relevance of Mr. Adelman's personal discipline. The plaintiff's statements to Mr. Adelman concerning the plaintiff's situation seem otherwise relevant.

13. *Plaintiff's military discipline record*. Defendants ask this Court to exclude evidence of plaintiff's military discipline or lack thereof. Defendants contend this is irrelevant to his performance at Union Pacific or his alleged insubordination.

Plaintiff contends that the honorable character of plaintiff's military service is an element of his reemployment claim. 38 U.S.C. § 4304, 4312(a). Second, plaintiff contends the purpose of USERRA is to encourage minimum disruption in the return of servicemembers and to prohibit discrimination. 38 U.S.C. § 4301 (1) – (3). The point of the testimony, argues plaintiff, is not to show prior employment history or even that he was a good employee. The evidence is related to the goals of the laws protecting returning military personnel.

The Court will allow the testimony of the plaintiff's honorable discharge and general details of his assignment, (branch, unit, duty station, MOS, etc.). If there is additional testimony concerning the plaintiff's service the Court will determine if it is in fact relevant to the issues at hand. If the defendants feel otherwise during the testimony, they are free to object at that time or prior to the anticipated testimony.

## B. Plaintiff's motion in limine, Filing No. 217

Plaintiff moves to exclude the following evidence at trial:

1. Testimony from witnesses lacking personal knowledge.

2. Testimony that UNION PACIFIC is a "military friendly and/or "veteran friendly" corporation should be excluded;

3. Alleged Performance Matters Prior to Plaintiff's Return from Military Service Lack Relevance and Are Prejudicial.

4. Plaintiffs' Employment Prior to Union Pacific Lacks Relevance.

5. Introduction of character, good faith or alleged state of mind.

6. Exclusion of witnesses under Rule 615.

7. Introduction of evidence or witnesses not previously disclosed.

8. References to at will employment.

9. Lay witness testimony regarding opinions/conclusions.

10. Testimony contradicting facts that have already been admitted.

11. Speculative testimony by Defendants' witnesses.

12. Testimony relating to Mr. Quiles's failure to utilize internal company policy with regard to his discrimination complaints.

13. Incomplete exhibits should be excluded.

14. Nonoriginal Writings should be excluded.

15. Defendants' Expert Report is Hearsay.

16. Defendants' Emails are Hearsay; Exhibits Nos. 30, 35, 45.

17. Exclusion of Evidence of the Defendants' Withdrawn Defenses.

Plaintiff argues that regardless of whether there is a specific rule of evidence that governs one of these issues, Rule 403 applies to all the requests for exclusion, as there is a likelihood of unfair prejudice and confusion of the issues.

First, plaintiff contends that Dr. Thompson became a lay witness for Union Pacific in March of 2018. However, Dr. Thompson was not employed by Union Pacific, and there is no indication he has any personal knowledge from working with plaintiff. Defendants contend that plaintiff will be permitted to cross examine him at trial. The Court will allow defendants to call this witness and lay the foundation for his testimony. If there is not sufficient foundation, the Court will not permit his testimony. Plaintiff is free to object during trial to this evidence. *See* pages 16-17 herein where the Court further elaborates on this issue.

With regard to plaintiff's second request for exclusion, the plaintiff contends that defendants should not be permitted to discuss their sponsorship and supportive views of veterans/military. The Court will allow the testimony by Union Pacific regarding Union Pacific's work with veterans/military. In short, the Court will allow Union Pacific to briefly illicit testimony and present evidence of their support of veterans. However, Union Pacific cannot use this evidence to support their belief that they uphold the law, nor may Union Pacific use exhibits that contain legal citations as alleged by plaintiff. *See also Lisdahl v. Mayo Found.*, 633 F.3d 712, 719 (8th Cir. 2011) (upholding the district court's factual finding of a lack of "anti-veteran animus" as proper evidentiary defense to USERRA claim).

In addition, plaintiff argues that testimony regarding payment differentials to plaintiff while deployed do not relate to damages, as the damages do not start to accrue until February 2016. Defendants contend this evidence goes to the "motivating factor" element

of his claims of USERRA violations. The evidence submitted by the defendants will also show support of plaintiff both before and during his deployment, argues defendants. The Court agrees that this evidence appears to be relevant to the issues in the case. The plaintiff may object at trial as appropriate.

Next, plaintiff contends that any work or conduct prior to his return from military service is not at issue in this case and is thus irrelevant. Plaintiff argues that Rule 404 mandates preclusion, as it risks unfair prejudice and is also not relevant under Rule 403. Defendants intend to show that plaintiff's railroad experience does not qualify him for the position as general director for safety analysis. To that extent, the Court believes the testimony and evidence is relevant and will admit the same.

Likewise, plaintiff argues his employment prior to his deployment with Union Pacific is not relevant. Defendants contend it is relevant as his 2015 employment evaluation was based in part on his performance prior to his deployment. This does not relate to character evidence, argue defendants. It relates to his evaluations. The Court finds such evidence, at least initially, is admissible. The defendant based its 2015 evaluation on the time before and after the deployment. At this point in the case, the Court finds that is relevant.

Plaintiff contends that the state of mind is not a defense to plaintiff's claim, as USERRA has no good faith affirmative defense. Plaintiff argues he need only establish that his military service and veteran status was a motivation or substantial factor in defendants' adverse employment decision. Defendants contend that "state of mind" is an essential element of plaintiff's claims. Defendants contend that "Quiles's claims require him to establish that Defendants discriminated and retaliated against him because of his membership, service, or obligation to serve in the military. 38 U.S.C. §§ 4311(a), 4311(b),

13

4311(c)." Filing No. 222, at 9. Defendant further contends that state of mind goes to the "motivating factor" element. The Court will permit this testimony, as it seems relevant to the essential elements of plaintiff's claims. If the plaintiff believes the defendants exceed relevancy, he is free to object at trial.

Plaintiff wants witnesses excluded from the courtroom during trial. Defendant agrees with this request but notes that Rule 615 cannot be used to exclude Doerr, Adelman and a representative of Union Pacific from trial.

Plaintiff contends that evidence and witnesses not previously disclosed are inadmissible. In particular, plaintiff contends that defendants seek testimony by Greg Workman. A previous deposition was taken of Mr. Workman, but defendants did not participate. Now, contends plaintiff, they want to use Workman at trial months after discovery has closed and use new testimony was not disclosed during discovery. Defendants contend the Court has already approved the pre-trial deposition of Workman, and this is issue is moot. Filing No. 220. The Court agrees with defendants and finds the issue is moot.

Plaintiff asks the Court to exclude the references to "at will employment" as it relates to plaintiff. Under 38 U.S.C. § 4316(c) a returning service member is protected from discharge for 180 days following their return. Defendants do not intend to use the at-will argument, and thus this issue is moot.

Next, plaintiffs contend that defendants will call several in-house lawyers to testify that no wrong doing occurred during the plaintiff's reemployment. Plaintiff contends this evidence will not assist the trier of fact, as the jury can figure this out for themselves, and the evidence is wasteful and confusing. Further, these "experts" cannot give an opinion on

14

the ultimate issue of law. Defendants contend they will not call lay witnesses to offer opinion testimony or legal conclusions regarding USERRA violations. They will call Adelman and Hughes and others regarding the factual events that occurred after plaintiff's return. The Court will allow this latter testimony.

As to the tenth and eleventh claims, plaintiff argues that defendants will try to offer testimony that directly contradicts prior admissions. Defendants contend they do not intend to offer such testimony. If the defendants do so, the plaintiff is free to impeach those witnesses. Defendants also contend that defendants will offer speculative evidence as to what Union Pacific might have done if facing this issue with other employees. Defendants contend they do not intend to offer such testimony.

Next, plaintiff asks the Court to prohibit defendants from testifying that regarding the non-use of internal company discrimination complaint procedures, for the reason that plaintiff is not required under USERRA to use such procedures. Defendants do not intend to introduce such evidence.

Plaintiff argues that incomplete exhibits, notably defense exhibits Nos. 21 and 120 should be excluded or presented to the jury in their entirety. Defendants contend that all exhibits are complete. Plaintiff may raise the issue at trial, if exhibits are incomplete.

Plaintiff argues that defendants' exhibits 40 and 43 are not complete nor originals and must be excluded. *See* Fed. R. Evid. 1002. Defendants argue that all exhibits are complete, absent attorney client exchanges. Plaintiffs may object at trial, if an exhibit is not complete. Defendant correctly notes that a duplicate is the same as an original document under Fed. R. Evid., Rule 1003. If there is an issue with authenticity of the document, the plaintiff can raise it at trial. Otherwise, a duplicate is acceptable.

Plaintiff asks the Court to find that defendants' expert report is hearsay. Plaintiff believes the defendants will try and pull information from the report and offer it into evidence, in spite of the fact that the experts will be live at trial or by deposition. Defendants indicate they will not be offering Dr. Ernest Goss's report as an exhibit, and they do not intend to introduce portions of it at trial.

Next, plaintiff argues that defendants' emails, exhibits 30, 35 and 45, are hearsay. To the extent that the defendants attempt to offer the emails for the truth of the matter asserted, they are inadmissible. To the extent the defendants attempt to offer emails without appropriate foundation, they will not be permitted. Defendant contends that the emails will reflect state of mind of Dr. Thompson as well as evidence for plaintiff's poor job performance. The emails allegedly show First Analytics's frustration and job dissatisfaction with the plaintiff's work performance, argues defendants. They will not be used to prove the truth of the matters asserted. As discussed hereinabove, the Court will permit the defendants to lay appropriate foundation for the testimony of Dr. Thompson. If the foundation is not there, there will be no testimony or evidence. If the Court finds the foundation to be sufficient, Dr. Thompson will be allowed to testify. After that is determined, the Court will then view the offered emails in light of the relevant testimony and will make a determination at that time.

The plaintiffs ask the Court to exclude evidence of defendants' withdrawn defenses. A number of affirmative defenses have been withdrawn. *See* Filing Nos. 119, 143 and 161. Defendants contend that certain exhibits, namely 78 and 113, are direct evidence of legitimate and non-discriminatory reasons for the allegedly adverse employment actions.

The Court will allow defendants to attempt to admit this evidence, if appropriate foundation is laid and the exhibits are relevant. The Court will rule on these objections at trial.[1]

THEREFORE, IT IS ORDERED THAT:

1. Defendants' motion in limine, Filing No. 214, is denied and granted as set forth herein.

2. Plaintiff's motion in limine, Filing No. 217, is denied and granted as set forth herein.

Dated this 19th day of July 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] The Court would like to instruct counsel that in future cases, counsel (1) should only file those motions in limine that are truly motions in limine, (2) should not try to argue issues that are more appropriate for summary judgment motions, and (3) on these easier issues, counsel should talk with opposing counsel first to determine if the disagreements are in fact going to be issues for the Court to decide.