IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODOLFO A. QUILES,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>INCORPORATED, RODNEY N. DOERR,<br>and EDWARD ADELMAN,<br><br>        Defendants. | 8:16CV330<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff 's motion for attorney fees and expenses, Filing Nos. 281 and 282, and defendant's motion for review of the clerk's taxation of costs, Filing No. 306. This Court entered judgment in favor of the plaintiff, Filing Nos. 279 and 280, finding that defendants discriminated against plaintiff under the Uniform Employment Rights Act (USERRA), 38 U.S.C. § 4311(a), and as a result, the Court granted judgment as a matter of law (JMOL) in favor of the plaintiff on the issue of demotion. The jury found in favor of the defendants on the other two counts of discrimination and retaliation. The defendant has appealed the Court's JMOL ruling to the Eighth Circuit.[1]

**DISCUSSION**

    A. *Attorney fees*

Plaintiff moved for attorney's fees and expenses. The plaintiff must obtain, argues defendant, an enforceable judgment to be considered a prevailing party. "A judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an

---

[1] A district court retains jurisdiction over collateral matters, such as attorneys' fees and costs while an appeal is pending. *Peter v. Jax*, 187 F.3d 829, 833 n. 2 (8th Cir. 1999).

1

enforceable judgment on the merits, does not render the plaintiff a prevailing party." *Farrar v. Hoby*, 506 U.S. 103, 112 (1992). Defendant, in summary, contends that the Court or jury must award some kind of relief, besides stating the plaintiff is the "prevailing party" to entitle him to attorney fees and costs. In this case, the Court denied Quiles's motion for reinstatement to his former employment position and denied damages, front pay and equitable relief. These rulings by the Court, argues defendant, are in conjunction with the fact that the jury found plaintiff was terminated for cause and found in defendant's favor on the other claims.

Defendant contends that "a judgment with no damages at all is not an enforceable judgment—there is simply nothing to enforce. While an empty judgment may provide some moral satisfaction, such a judgment carries no real relief and thus does not entitle the judgment winner to be treated as a prevailing party." *Tunison v. Cont'l Airlines Corp.*, 162 F.3d 1187, 1190 (D.C. Cir. 1998) citing *Robinson v. City of St. Charles*, 972 F.2d 974, 976 (8th Cir.1992).[2]

In the alternative, defendant contends that the fee request is grossly excessive. "When a plaintiff's victory is purely technical or de minimis, a district court need not go through the usual complexities involved in calculating attorney's fees." *Farrar*, 506 U.S. at 117 (O'Connor concurring) (citations omitted). "Instead, it is enough for a court to explain why the victory is de minimis and announce a sensible decision to 'award low fees or no fees" at all. *Id.* Indeed, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief the only reasonable fee is usually no fee at all." *Piper v. Oliver*, 69 F.3d 875, 876-77 (8th Cir.

---

[2] No damages were awarded in this case either by the Court or the jury. *See* Filing No. 285.

2

1995) (quoting *Farrar*, 506 U.S. at 115). "The court must evaluate each nominal damages case individually to determine if the plaintiff's victory is merely "technical" or "pyrrhic."' *Id.* After making such a finding, the court is excused from engaging in the typically complex process of attorney's fee calculations. Instead, "it is enough for a court to explain why the victory is de minimis and announce a sensible decision to 'award low fees or no fees at all.'" *Farrar*, 113 S.Ct. at 576 (quoting Farrar majority opinion). *Piper*, 69 F.3d 877.

Defendant requests that if the Court chooses to award attorney fees to the plaintiff, it should award $16,340.24 (6 claims times the initial 5 defendants divided by the request of $490,207.96). Otherwise, the request, argues defendant, is excessive. Defendants contend that the plaintiff's claim for fees should be denied as plaintiff barely won anything; and the itemized billings are incomplete, duplicative, imprecise and seek reimbursement for inappropriate items. The specific records in the billings do not, argue defendant, indicate the topics, who they were too and what work it related. They are too vague to justify an award contends defendant. *See H.J. Inc. v. Flygt Corp.*, 925 F.2d at 260 (8th Cir.1991); *see Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018) (fee award reduced where attorney charged 40.6 percent of his requested total "for emails alone," the billing amount was "questionable" and duplicative).

In this case, according to defendant, 71 percent of Mr. Jarrad's time entries were related to emails. Filing No. 295, Ex. A – Computation of emails. The plaintiff, however, notes that defendant fails to count the time spent on these emails in comparison to the time spent on the rest of the case. The billings are likewise duplicative contends defendants. Filing No. 295, Ex B, showing time computations for trial time of 13-14 hours per day plus separate fillings for email review. Further, plaintiff asks for fees for reviewing

3

motions in limine and emails a year prior to the filing of the same. Filing No. 295, Ex. C. As pointed out by plaintiff, obviously this is a typo and refers to the 1/9/19 date when counsel worked on these motions. Defendant also argues that emails about basketball, the Omaha Zoo, many administrative tasks, and review for 10 minutes for all CM/ECF filings, totaling 75 hours of erroneous billing should not be included.

Again, the degree of success, argues defendant, is minimal compared to the claims filed by plaintiff. *El-Tabech v. Clarke*, 616 F.3d 834, 843 (8th Cir. 2010) (quoting *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005)). "If the plaintiff has won excellent results, he [or she] is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he [or she] did not win. …If the plaintiff's success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained." *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000) (quoting *Jenkins v. Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997)).

Plaintiff argues he prevailed on the demotion claim as the behavior of the defendant clearly violated USERRA, as has been plainly expressed by this Court. Plaintiff also disagrees with the specific reductions requested by the defendant, arguing they are not duplicative or unnecessary or incomplete.

Plaintiff further disagrees with the defendant's proposed reduction, arguing the Eighth Circuit "has rejected a similar, arithmetically simplistic fee-calculation argument. *Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 765 (8th Cir. 2008); *see also Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772 (8th Cir. 2000) (rejecting the argument that because Barton only prevailed on one of her six original claims, her fee award of 70% was too high).

B. *Taxation of Costs*

Defendant argues that the court should reject plaintiff's request for nontaxable costs.

Plaintiff filed his bill of costs following this Court's Memorandum and Order. Filing No. 285 and 279. Defendants oppose this motion, as already argued, on the basis that plaintiff is not a prevailing party. Filing No. 295. The Clerk of Court treated plaintiff as a prevailing party and Union Pacific objects. Filing No. 306.

Plaintiff also requests court reporter fees for transcribing the trial proceedings for his post-trial motions. The cost of the transcript is $3,653.65. Union Pacific contends that plaintiff lost all jury trial issues as well as the post-trial relief he sought that related to issues contained in the transcript. Plaintiff contends the transcript was necessary for the post-trial motion as part of its request for an equitable remedy.

The total costs requested by plaintiff are $11,761.56.

C. *Expenses*

USERRA allows for the recovery of reasonable litigation expenses. 38 U.S.C. § 4323(h). Plaintiff argues that:

> "Mr. Quiles requests his expert fees, and other litigation expenses that he was charged, including necessary travel, mock jury costs, private service of process, the cost of obtaining supporting affidavits for reasonable fee award, and document and video production as detailed in the attached Declarations of Robert Black, Thomas G. Jarrard, and John M. Tymczyszyn. Detailed support for these expenses is attached as Attachment B to each of Thomas G. Jarrard and John M. Tymczyszyn, and Attachments C-S of Robert Black's declaration. See Jarrard Decl. at ¶ 27, Black Decl. ¶¶ 12 - 13, Tymczyszyn Decl. ¶ 16. These litigation expenses are also recoverable. Costs for private process servers, exemplification of demonstrative exhibits that were not used at trial, and video recordings of transcribed depositions are not taxable as costs recoverable by a bill of costs submitted pursuant to 28 U.S.C. § 1920. However, these costs were

necessary litigation costs in this case and, as such, are being requested in this motion under 38 U.S.C. § 4323(h)."

Filing No. 282 at 15. The requested expenses include:

Thomas G. Jarrard $ 443.58

Rodolfo Quiles $28,483.37

John Tymczyszyn $ 2,966.39

Thomas J. Monahan $ 700.00

Captain Samuel Wright Ret. $ 1,000.00

Michael B. Love $ 1,200.00

Defendant argues that the Court should reject plaintiff's request for expenses. Plaintiff seeks reimbursement of $10,425.95 for fees for a mock jury consultant and mock juror fees, but he did not prevail on any of his jury claims. Plaintiff additionally seeks $7,457.50 for expert witness fees, although he did not call his experts at trial. Further, defendant contends that the participation of Mr. John Tymczyszyn for trial was unnecessary. At the very least, a paralegal rate should be used for this trial prep argue defendants. Filing No. 295 Ex. E at ¶ 11. Apparently Tymczyszyn's was going to cross examine Union Pacific's expert at trial, but Union Pacific did not call an expert. So, defendant argues that the demand of $31,966.39 for him should not be included in any fee award. Plus, his billing hours show more hours of trial time than did the attorneys conducting the trial. Plaintiff notes that the billing entries are not duplicative, and these objections are without merit.

Plaintiff also submits a request for costs for a videographer for Liz Winkler ($569.99), Rodney Doerr and Ed Adelman ($1,068.74), Kathy Hughes ($403.74), Rich Castagna ($332.49), Greg Workman ($491.99) and copies of the deposition of Plaintiff

Quiles ($97.00) for a total of $2,963.95. Plaintiff, argues defendant, did not use any of the video depositions at trial or in support of any motions or opposition to motions, and there is no showing they were necessary for the case. Defendant argues that "[i]n order to obtain costs for videotaping and transcription the prevailing party must demonstrate that both were necessarily obtained for use in the case; otherwise, only transcription costs are recoverable." *Olander v. State Farm Mut. Auto. Ins. Co.*, 2001 WL 625758, at *2 (D.N.D. Mar. 26, 2001) citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir.1999).

    D. <u>Court Analysis</u>

        <u>(1) Prevailing party</u>

A "prevailing party" "is one 'in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *Firefighters' Inst. for Racial Equal. v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000); *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 68 (1980) ("[T]he court's discretion to deny a fee award to a prevailing plaintiff is narrow. Absent 'special circumstances,' fees should be awarded." *Id.* "Once there is a determination that the defendant violated USERRA, the veteran becomes the prevailing party." Filing No. 279, at 4-5, citing *Carpenter v. Tyler Independent School District*, 429 F.Supp.2d 848, 851 (E.D. Tex. 2006) (granting plaintiff's motion to enter judgment and awarding attorney fees where the jury found no damages)[3] (affirmed at *Carpenter v. Tyler*

---

[3] "Even if an employee cannot establish that he or she suffered any monetary damages, that does not mean that there is no relief to which the employee might be entitled if there was a violation of the USERRA. *Hill v. Michelin North America, Inc.*, 252 F.3d 307, 316 (4th Cir.2001). USERRA authorizes the district court to "require the employer to comply with the provisions of this chapter," 38 U.S.C.A. § 4323(d)(1)(A), and to "use its full equity powers ... to vindicate fully the rights or benefits of persons under this chapter," 38 U.S.C.A. § 4323(e). Therefore, when the jurors found that TISD discriminated against Carpenter because of his military service, Carpenter became the prevailing party. Back pay was but one measure of relief available to Carpenter, and the jury's finding that he was not entitled to such in no way

7

*Indep. Sch. Dist.*, 226 F. App'x 400, 400-01 (5th Cir. 2007) (citing *Hill v. Michelin North America, Inc.*, 252 F.3d 307, 316 (4th Cir.2001)). A prevailing party for the purpose of awarding attorney's fees is a party which "succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Hanson v. City. of Kitsap*, No. 13-5388 RJB, 2015 WL 3965829 at 3-6 (W.D. Wash. June 30, 2015) (awarding attorney fees, lodestar of $471,050.00, where the plaintiff prevailed on one out of five claims with a finding of willful, but only recovered nominal damages); *Felton v. City of Adrian,* No. 11-00632-CV-W-JTM, 2013 WL 822160 at *3 (W.D. Mo. Mar. 6, 2013)[4] (awarding attorney fees and costs of over $50,000 where no damages were awarded to the plaintiff).

The Court finds again that plaintiff is entitled to fees as the prevailing party. Although plaintiff did not win on all claims, he did win on the demotion claim. The Court generally awards for the claim wherein plaintiff was successful. *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772 (8th Cir. 2000). Where winning and losing claims are intertwined, plaintiff must be compensated for the reasonable time it took to receive the favorable outcome. *Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir. 1991). The Court agrees with plaintiff that the claims were closely related. Proving the factual basis was primarily the same on all issues. Plaintiff clearly prevailed on the demotion issue.

---

affects this Court's ability to craft a remedy making Carpenter whole." *Carpenter v. Tyler Indep. Sch. Dist.,* 429 F. Supp. 2d 848, 851 (E.D. Tex. 2006), aff'd, 226 Fed. Appx. 400 (5th Cir. 2007).

[4] A plaintiff's success in a civil rights case can be measured only in part by monetary success. As such, dramatic reductions in fee awards are not always required simply because the actual damage award is small or nominal. *Lash v. Hollis*, 525 F.3d 636, 642–643 (8th Cir.2008). The Eight Circuit has likewise observed that "[a]lthough the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded [in that it affects the 'degree of success' inquiry]." *Burks v. Siemens Energy & Automation, Inc.*, 215 F.3d 880, 883 (8th Cir.2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 574 (1992)). *Felton v. City of Adrian, Mo.*, 11-00632-CV-W-JTM, 2013 WL 822160, at *3 (W.D. Mo. Mar. 6, 2013).

*See Felton v. City of Adrian*, No. 11-00632-CV-W-JTM, 2013 U.S. Dist. LEXIS 31100, at *10 (W.D. Mo. Mar. 6, 2013) (awarding attorney fees and cost of $51,289.05 where no damages were awarded to the plaintiff). The Court previously ruled that plaintiff is the prevailing party on the issue of demotion. See Filing No. 279 at 6. The Court reaffirms this finding as set forth in this Memorandum and Order. Accordingly, the Court finds the plaintiff is a prevailing party for purposes of attorney fees.

### *(2) Attorney fees and expenses*

Plaintiff moved for attorney fees in the amount of $455,413.75 and litigation expenses in the amount of $34,793.34.

USERRA directs that prevailing plaintiffs be awarded their costs of suit, including reasonable attorney fees and other litigation expenses. 38 U.S.C. § 4323(h). The Court also finds that a lesser amount should be awarded, as plaintiff received no monetary relief and lost both of his claims tried to the jury. Further, upon review, it is clear that the caselaw differs somewhat between USERRA cases and more general civil rights cases. The USERRA cases cited herein generally permit a party to obtain attorney fees even without an actual award of damages, consistent with its statutory purpose. Most of the general civil rights cases require a damages award. The Court will rely more heavily on the caselaw that falls under USERRA, including *Carpenter v. Tyler*, out of the 5th Circuit and *Hill v. Michelin,* in the 4th Circuit. As stated in *Carpenter*,

> Even if an employee cannot establish that he or she suffered any monetary damages, that does not mean that there is no relief to which the employee might be entitled if there was a violation of the USERRA. *Hill v. Michelin North America, Inc.*, 252 F.3d 307, 316 (4th Cir. 2001). USERRA authorizes the district court to "require the employer to comply with the provisions of this chapter," 38 U.S.C.A. § 4323(d)(1)(A), and to "use its full equity powers ... to vindicate fully the rights or benefits of persons under this chapter," 38 U.S.C.A. §

9

> 4323(e). Therefore, when the jurors found that TISD discriminated against Carpenter because of his military service, Carpenter became the prevailing party. Back pay was but one measure of relief available to Carpenter, and the jury's finding that he was not entitled to such in no way affects this Court's ability to craft a remedy making Carpenter whole.

*Carpenter v. Tyler Indep. Sch. Dist.*, 429 F. Supp. 2d 848, 851 (E.D. Tex. 2006), aff'd, 226 Fed. Appx. 400 (5th Cir. 2007). Likewise, in *Hill*, the Court stated:

> The termination occurred only a few working days after the transfer, and there is no indication in the record that Hill lost any wages or benefits by virtue of the transfer. Therefore, even if Hill can prove that the transfer was motivated by his Reserve status, it appears that he will not be able to establish that he suffered any monetary damages because of the transfer. *See* 38 U.S.C.A. § 4323(d)(1)(B). We note, however, that USERRA authorizes the district court to "require the employer to comply with the provisions of this chapter," 38 U.S.C.A. § 4323(d)(1)(A), and to "use its full equity powers ... to vindicate fully the rights or benefits of persons under this chapter," 38 U.S.C.A. § 4323(e). USERRA also provides for an award of attorney's fees and costs to a prevailing plaintiff. *See* 38 U.S.C.A. § 4323(h)(2). Thus, while compensatory damages might be unavailable to Hill on remand, we cannot say that there is no relief to which he is entitled.

*Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 316 n.5 (4th Cir. 2001). "Further, because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries. *Coffy v. Republic Steel Corp.*, 447 U.S. 191, 196, 100 S.Ct. 2100, 65 L.Ed.2d 53 (1980)." *Carpenter*, 429 F. Supp.2d at 852. In addition, the Eighth Circuit case of *Burk v. Siemens* indicates that the focus is on the degree of success of the case and not as much the damages. *See id.* f.n.4.

With that in mind the Court finds the amount of $100,000.00 is reasonable in this case. The plaintiff won the demotion claim but lost his remaining claims. The attorneys did a good job establishing the demotion claim on behalf of the plaintiff during the trial. This win is likewise important to future litigants and to the public service component of

USERRA.  The vindication of plaintiff's rights under USERRA as a reserve military member are of significant importance.  The wrongful behavior by employers will not stop if there is no award.  USERRA was designed as a catalyst for change.

The Court also agrees that cases under USERRA are unique and different from other employment types of claims.  The "novelty of USERRA cases, combined with the fact an attorney may not get paid at all for taking such a case, makes such cases "undesirable" from the standpoint of attorney profitability." *Mace v. Willis*, No. 4:16-CV-04150-VLD, 2018 U.S. Dist. LEXIS 168471, at 14 (D.S.D. Sep. 28, 2018); Filing No. 282-8, Wright Decl. ¶ 14 - 15, Filing No. 282-8; Filing No. 282-9, Love Decl. ¶¶ 15 - 17.  Mr. Jarrard and his team clearly have substantial experience in USERRA matters.  Jarrard Decl. ¶¶ 22 - 23, Filing No. 282-2 and- 3; Filing No. 282-8, Wright Decl. ¶¶ 11 – 14; Wright Decl. ¶¶ 9-14.  Counsel also represented that with 280 filings, dozens of motions, loss of numerous cases, and no income from this case, plaintiff's counsel absorbed the risk and the cost of this three year lawsuit.  *Id.* Wright Decl. ¶¶ 11, 14 – 15.  The record clearly supports the vicissitudes of litigation with a major corporation.  The defendant's answer alone was not filed until four months after the defendant was served and that was filed by a renewal of the defendant's motion to stay and compel arbitration.  There were six progression orders before the pretrial hearing, three years after the defendant was served.

The evidence demonstrates that the defendant's managers, through warnings from its Human Resources Department, well understood the plaintiff's USERA rights were being violated.  The defendant instead chose to make the economics for filing suit negligible enough to discourage the plaintiff from asserting his claim.  Now the defendant

11

wants the Court to further penalize the plaintiff by awarding $16,000.00 of his $490,00.00 claim for attorney fees and expenses.

The Court recognizes the plaintiff's failure to prevail on his claim for money damages. The Court is not inclined to compensate his attorneys for losing the most substantial monetary claim; the futility of which counsel should have understood during discovery. However, the arrogance and indifference to the protections afforded under USERRA displayed by the defendant's managers likewise must not be rewarded.

The Court finds that $100,000.00 in attorney fees adequately compensates the plaintiff for winning his demotion claim while also considering that plaintiff did not win either of the remaining claims submitted to the jury. Further, this award meets the overarching public interest to support our military when called to active duty and enforce their rights upon return. Such an award also supports the purpose of USERRA while at the same time noting that plaintiff only won on one claim. Accordingly, the Court will award $100,000.00 in attorney fees to the plaintiff.

Plaintiff also requests $34,793.34 in litigation expenses. As the prevailing party, plaintiff is entitled to reasonable expert witness fees as well as other litigation expenses. 38 U.S.C. § 4323(h)(2). Defendant contends that plaintiff's expenses should not be reimbursed as (1) he is not the prevailing party; (2) the requests are not reimbursable; and (3) some of the requested reimbursements were not used at trial. Plaintiff counters, arguing the expenses are reasonable, were necessary and are permitted. *See* 28 U.S.C. § 4323(h). *See* Filing No. 282, Ex. 1-9. Plaintiff requested expert fees, travel costs, mock jury costs, in addition to the expenses previously discussed herein. The Court has carefully reviewed each of the requested litigation expenses. The Court finds the experts

were retained for anticipation for use at trial. One expert was obtained for assistance with showing economic damages and one to do a mock assessment of the case. Further, the witness deposition transcripts for at least six of the potential witnesses were also listed by Union Pacific as their own trial witnesses in the pretrial order. Filing No. 233. These transcripts could have been used for impeachment. The Court finds these requests were reasonable.

E. *Costs*

The Court will deny defendant's motion for review of the clerk's taxation of costs. First, defendant contends plaintiff is not the prevailing party. Filing No. 306. The Court has already determined that plaintiff is the prevailing party. The only specific objection made by plaintiff is the reporter fees to transcribe the trial proceedings in the amount of $3,653.65 for use in post-trial motions which addressed the issues lost by plaintiff. The Court notes, however, that transcripts are billable costs under 28 U.S.C. § 1920(2); NECivR 54.1. In this case plaintiff was pursuing his equitable remedies.

Further, defendant objects to costs for videographer "[I]n order to obtain costs for videotaping and transcription the prevailing party must demonstrate that both were necessarily obtained for use in the case; otherwise, only transcription costs are recoverable." *Olander v. State Farm Mut. Auto. Ins. Co.*, 2001 WL 625758, at *2 (D.N.D. Mar. 26, 2001) citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir.1999).

Plaintiff argues that these costs were necessary litigation costs under 38 U.S.C. § 4323(h), and not costs under 28 U.S.C. § 1920. However, the Eighth Circuit has held that "[w]e agree with our sister circuits that the costs of video depositions are included under § 1920. Craftsmen presents no other argument indicating that the award of the

13

video-deposition costs was unreasonable or unnecessary. As a result, the district court did not abuse its discretion by awarding such costs." *Craftsmen Limousine, Inc. v. Ford Motor Co.,* 579 F.3d 894, 898 (8th Cir. 2009); see *Tilton v. Capitol Cities/ABC, Inc.,* 115 F.3d 1471, 1478 (10th Cir.1997) ("[w]e conclude that the district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions. We agree, under the reasoning of *Meredith*, that in most cases, a stenographic transcript of a videotaped deposition will be "necessarily obtained for use in the case."); "We also note that our view is consistent with the obligations imposed by the Federal Rules of Civil Procedure. In particular, Rule 26 requires a party who has noticed a deposition to be taken by non-stenographic means to provide a transcript to opposing parties as part of its discovery obligations. Fed.R.Civ.P. 26(a)(3)(B). Rule 32(c) requires a party to provide a transcript of a video deposition that the party intends to offer as evidence at trial or upon a dispositive motion. *Id.* at 1478-79; *Morrison v. Reichhold Chem., Inc.*, 97 F.3d 460, 465 (11th Cir.1996) ("Reading these two provisions together, we hold that, when a party notices a deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), 6 it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Id.* at 464-65. Accordingly, the Court will not deduct the cost of the video and videographer from the requested expenses.

As stated by Judge Smith Camp in the *JBS USA*, case:

> 28 U.S.C. § 1920(2) permits the taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." The EEOC asserts the plain language of the statute prevents JBS from recovering costs for both printed and electronically recorded

14

transcripts. The weight of authority holds to the contrary. That is, where the prevailing party demonstrates both paper and electronic copies were reasonably necessary, the court may tax costs for both where they are reasonably necessary for use in the case. *See In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1370 (Fed.Cir.2011); *State Farm Fire & Cas. Co. v. King Sports, Inc.*, 841 F.Supp.2d 1317, 1320 (N.D.Ga.2012); *Baisden v. I'm Ready Productions, Inc.*, 793 F.Supp.2d 970, 976–77 (S.D.Texas 2011). The Handbook is consistent with the majority of court decisions, and allows for the taxation of costs for printed and electronic transcripts. The Handbook, § 4(C)(3).

*E.E.O.C. v. JBS USA, LLC*, 8:10CV318, 2015 WL 2212644, at *2 (D. Neb. May 11, 2015).

The Court denies the motion for review of the clerk's taxation of costs and will award costs in the amount of $11,761.56.

**THEREFORE, IT IS ORDERED THAT**:

1. Defendants' motion to review costs, Filing No. 306, and objection to bill of costs, Filing No. 296, are denied;

2. Plaintiff's motion for attorneys' fees, Filing Nos. 281 and 282, are granted in part and denied in part as set forth herein. Plaintiff is awarded $100,000.00 in attorney fees.

3. The Court awards $100,000.00 in attorneys' fees; $34,793.34 in expenses; and $11,761.56 in costs.

4. A final judgment will be entered in accordance with this memorandum and order.

Dated this 17th day of March, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge